IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


WILLIAM HAYES                                                          PLAINTIFF

v.                                  Civil No. 05-2124

EADS BROTHERS FURNITURE COMPANY                                        DEFENDANT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 18, 2006, defendants filed a motion to enforce settlement agreement (Doc. 27, 28).[1] Responses were filed by plaintiff William Hayes and attorney N. Donald Jenkins, Jr. (Doc. 29, 30). A hearing was conducted on October 31, 2006. Witnesses were Hayes, Jenkins, and defense attorney Robert K. Kelly. Immediately after court adjourned, plaintiff agreed to be bound by the settlement agreement and endorse the settlement proceeds, rendering moot the motion to enforce.

A remaining matter is defendants' request, contained in the motion to enforce, for attorney fees associated with the motion to enforce, which defendants calculate as $2,099 prior to the hearing. (Defts' Ex. 10, pre-bill ledger of attorney's fees). Defendants argue that fees should be imposed due to Hayes' improper conduct in refuting the settlement agreement.

In response to the motion to enforce settlement agreement, Hayes asserts that a signed authorization of settlement for $30,000 (Plt's Ex. 1) was a "forgery" and a fraud. At the hearing, Hayes admitted he signed the authorization but said it was under duress and the wording on the authorization was different. However, Jenkins gave credible evidence that Hayes, although not that

---

[1] In *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), the United States Supreme Court held that federal courts do not have the inherent power, after dismissing a case, to enforce the parties' settlement agreement. Here, the case has not as yet been dismissed.

happy about it, "absolutely positively" gave him authority to settle the case for $30,000 and signed the authorization to that effect.

Another assertion by Hayes in the response is that Jenkins suffered under a "conflict of interest" in representing him due to his association with SPMI of Van Buren. The defendants and Kelly are also mentioned as being a part of the conflict of interest. At the hearing, Hayes said that SPMI is the entity that investigated his allegations against defendants and he recently learned from Jenkins' assistant that Jenkins represented SPMI. Jenkins gave credible contrary testimony that he advised Hayes from the beginning that he had represented SPMI 6 years ago but had no ongoing cases and saw no conflict because SPMI was not a party or necessary witness in this action. Jenkins also pointed out that he worked hard on the case, surviving a motion for summary judgment and preparing for the trial which was to occur within a few days of the settlement agreement.

In my view, Hayes's high degree of emotional investment in this case, in which he claims racial discrimination, interferes with his objectivity and ability to trust others. This emotional component causes him to overreact, exaggerate, and vacillate in his desires concerning settlement. Further, Hayes appears to have a distrustful personality type which limits his ability to listen and reason. Based on the circumstances, including Hayes's limitations, I do not think Hayes has been guilty of the type of misconduct or bad faith that would justify an award of attorneys fees against him based on abuse of the judicial process. *See Lamb Engineering & Const. Co. v. Nebraska Public Power Dist.*, 103 F.3d 1422, 1434-1437 (8th Cir. 1997); *Hoover v. Armco, Inc.*, 915 F.2d 355, 356 (8th Cir. 1990). Accordingly, I recommend that the motion for attorney fees be denied.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this 1st day of November 2006.


/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE